**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **ANDREW MCGONIGLE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 1:26-cv-00719** |
| | ) | |
| **I.C. SYSTEM, INC.,** | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT I.C. SYSTEM, INC.'S ANSWER TO**
**PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant I.C. System, Inc. ("Defendant"), by and through undersigned counsel, hereby answers the Class Action Complaint (the "Complaint") filed by Plaintiff Andrew McGonigle ("Plaintiff") as follows:

**NATURE OF THIS ACTION**

1. Defendant admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant denies that it violated the TCPA or any other law and denies that Plaintiff is entitled to any relief. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Defendant admits that this Court has subject matter jurisdiction over claims arising under the TCPA pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331. Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits that venue may be proper in this District pursuant to 28 U.S.C. § 1391(b) to the extent a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendant denies any remaining allegations in Paragraph 5 of the Complaint and specifically denies that it directed any artificial or prerecorded voice messages to Plaintiff's cellular telephone as alleged.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Defendant admits that it is a corporation with its principal place of business in St. Paul, Ramsey County, Minnesota. Defendant denies any remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits that, as part of its business, it places outbound calls in an attempt to collect debts alleged to be owed. Defendant denies any remaining allegations in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint concerning Plaintiff's status as subscriber or customary user of the identified telephone number and therefore denies them.

11. Defendant admits that a call was placed on or about February 3, 2026, from a telephone number associated with Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 11 of the Complaint and therefore denies them.

12. Defendant admits that any call placed was intended to reach an individual other than Plaintiff in connection with a debt collection effort. Defendant denies any remaining allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint concerning what Plaintiff heard or was told and therefore denies them. To the extent a live agent spoke with the person answering the call, Defendant admits that the agent was attempting to reach a person other than Plaintiff.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies them.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff does not appear to have, and did not have, an account with Defendant. Defendant denies any remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff does not, and did not, owe any money to Defendant. Defendant denies any remaining allegations in Paragraph 20 of the Complaint.

21. Defendant admits that it was attempting to reach an individual identified as Michael Nettles or a similar name, who is someone other than Plaintiff. Defendant denies any remaining allegations in Paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff did not provide the subject telephone number to Defendant. Defendant denies any remaining allegations in Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff did not provide Defendant with prior express consent to place calls using an artificial or prerecorded voice to the subject telephone number. Defendant denies any remaining allegations in Paragraph 23 of the Complaint, including any implication that such consent was required under the circumstances or that Defendant used an artificial or prerecorded voice.

24. Defendant admits that it placed the subject call voluntarily. Defendant denies any remaining allegations in Paragraph 24 of the Complaint.

25. Defendant admits that it placed the subject call under its own free will. Defendant denies any remaining allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint, including that Plaintiff suffered any actual harm, invasion of privacy, intrusion, or private nuisance as a result of any call placed by Defendant.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

## CLASS ACTION ALLEGATIONS

29. Defendant admits that Plaintiff purports to bring this action under Federal Rule of Civil Procedure 23 and as a representative of the putative class described in Paragraph 29 of the Complaint. Defendant denies that class certification is appropriate, denies that Plaintiff is an adequate class representative, and denies the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant admits the allegations in Paragraph 30 of the Complaint to the extent they accurately state exclusions from the putative class as defined by Plaintiff. Defendant denies any remaining allegations in Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them. Defendant specifically denies that class treatment is appropriate.

32. Defendant admits that the exact number of members of any putative class is unknown to Plaintiff at this time. Defendant denies any remaining allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff did not have an account in collections with Defendant. Defendant denies any remaining allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies them.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies them.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies them.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies them.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint and specifically denies that any common questions of law or fact predominate or that class certification is appropriate.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

**COUNT I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiff and the Robocall Class)**

63. Defendant incorporates by reference its responses to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff or any member of the putative class is entitled to any of the relief requested in the Prayer for Relief, including subparagraphs (a) through (j), or to any other relief whatsoever. Defendant specifically denies that this action is a proper class action, that Plaintiff is an adequate class representative, that class counsel should be appointed, that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), that injunctive relief is appropriate, that Plaintiff or the putative class is entitled to damages (statutory, treble, or otherwise), attorneys' fees, costs, expenses, interest, or any other relief.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any issue on which Plaintiff bears the burden, and without waiving the right to assert additional defenses as they become known through discovery or otherwise, Defendant asserts the following affirmative and other defenses:

**FIRST AFFIRMATIVE DEFENSE**

*(Failure to State a Claim)*

The Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and the TCPA.

**SECOND AFFIRMATIVE DEFENSE**

*(Lack of Article III Standing)*

Plaintiff lacks Article III standing because he has not alleged or suffered a concrete and particularized injury-in-fact fairly traceable to Defendant's conduct. Plaintiff is a serial TCPA litigant who has filed numerous similar actions and cannot claim the type of concrete harm the TCPA was intended to remedy. *See TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016).

**THIRD AFFIRMATIVE DEFENSE**

*(No Artificial or Prerecorded Voice)*

Defendant did not use an "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii) in connection with any call to Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

*(No Prior Express Consent Required / Consent)*

To the extent any call was placed using technology subject to the TCPA, any required consent was obtained or the call fell within an exception or safe harbor, including with respect to reassigned or wrong numbers.

**FIFTH AFFIRMATIVE DEFENSE**

*(Good Faith / Lack of Willfulness or Knowledge)*

Any violation of the TCPA, which Defendant expressly denies, was not willful or knowing. Accordingly, Plaintiff is not entitled to treble damages under 47 U.S.C. § 227(b)(3).

**SIXTH AFFIRMATIVE DEFENSE**

*(Class Certification Improper)*

This action cannot be maintained as a class action under Federal Rule of Civil Procedure 23 because, among other reasons: (a) Plaintiff is not an adequate class representative given his history as a serial TCPA litigant and professional plaintiff; (b) Plaintiff's claims are not typical of the claims of the putative class; (c) common questions of law or fact do not predominate over individual questions, including issues of consent, whether a call used an artificial or prerecorded voice, and individual circumstances of each call; (d) a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy; and (e) the putative class is not ascertainable.

**SEVENTH AFFIRMATIVE DEFENSE**

*(De Minimis or No Injury)*

Any alleged injury suffered by Plaintiff is de minimis, speculative, or insufficient to support an award of statutory damages or other relief.

**NINTH AFFIRMATIVE DEFENSE**

*(Reservation of Rights)*

Defendant reserves the right to assert additional affirmative defenses, counterclaims, cross-claims, or third-party claims as may become apparent through discovery or further investigation, and to amend this Answer accordingly.

WHEREFORE, Defendant I.C. System, Inc. respectfully requests that the Court:

A. Dismiss Plaintiff's Complaint in its entirety with prejudice;

B. Deny class certification;

C. Enter judgment in favor of Defendant and against Plaintiff;

D. Award Defendant its costs and attorneys' fees to the extent permitted by law; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: August 3, 2026

Respectfully submitted,

*/s/ Noah J. DiPasquale*

Noah J. DiPasquale
Virginia State Bar No. 96519
*Counsel for I.C. System, Inc.*
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: noah.dipasquale@troutman.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3rd, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

William Robinson
4067 South Four Mile Run Dr., #302
Arlington, VA 22204
wprlegal@gmail.com
Anthony I. Paronich
(admitted pro hac vice)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*/s/ Noah J. DiPasquale*
Noah J. DiPasquale
*Counsel for I.C. System, Inc.*