**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

ANDREW MCGONIGLE,
*on behalf of himself and*
*others similarly situated,*

Plaintiff,

v.

I.C. SYSTEM, INC.,

Defendant.

Civil Action No.: 1:26-cv-719

Jury Trial Demanded

**JOINT REPORT OF RULE 26(f) CONFERENCE**
**AND PROPOSED DISCOVERY PLAN**

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff Andrew McGonigle ("Plaintiff") and I.C. System, Inc. ("Defendant") submit this Joint Report of Rule 26(f) Conference and Proposed Discovery Plan:

1. **Conference.** The parties, by counsel, conferred on August 11, 2026 to discuss the matters set forth in Rule 26(f) and the nature and basis of their claims and defenses.

2. **Description of the Case.**

**a. Plaintiff's Claims**

Plaintiff alleges that Defendant I.C. System, Inc. violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by placing calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number without prior express consent. Plaintiff further alleges Defendant intended to reach another individual, rather than Plaintiff, and that Defendant routinely places artificial or prerecorded voice calls to wrong or reassigned cellular telephone numbers. Plaintiff seeks certification of a nationwide class of similarly situated persons who received such calls.

**b. Defendant's Claims**

Defendant denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, or any other law. Defendant specifically denies that it used an artificial or prerecorded voice in connection with any call placed to Plaintiff or to any member of the putative class. Defendant further denies that Plaintiff suffered any concrete injury sufficient to confer Article III standing and denies that class certification is appropriate under Federal Rule of Civil Procedure 23.

Defendant asserts the affirmative defenses set forth in its Answer, including (without limitation) failure to state a claim, lack of Article III standing, absence of an artificial or prerecorded voice, good faith / lack of willfulness or knowledge, de minimis or no injury, and that class certification is improper because Plaintiff is not an adequate class representative, his claims are not typical, common questions do not predominate, a class action is not superior, and the putative class is not ascertainable.

3. **Possible Settlement or Resolution.**

During the conference, the parties discussed the possibility of engaging in a settlement conference and agreed the case is not ripe for settlement discussion at this time.

4. **Preservation of Discoverable Information.**

The parties agree all discoverable information in their possession, custody, and control needs to be preserved.

5. **Pre-Discovery Disclosures.**

Such disclosures shall be made by August 19, 2026.

6. **Discovery Plan.**

**a. Plaintiff's Anticipated Scope of Discovery**

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

**b. Defendant's Anticipated Scope of Discovery**

Defendant anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to oppose Plaintiff's anticipated motion for class certification, as well as on the merits of Plaintiff's TCPA claims in order to prepare for trial or to support any dispositive motion Defendant may file. Defendant expects to seek from Plaintiff and relevant third parties: (1) all information, recordings, transcripts, call detail records, and metadata concerning the specific call(s) at issue; (2) Plaintiff's cellular telephone subscriber information, account records, and any evidence regarding the status or reassignment history of the subject number; (3) evidence bearing on whether any artificial or prerecorded voice was in fact used; (4) Plaintiff's complete litigation history, particularly prior TCPA actions and related settlements or dismissals, relevant to standing, typicality, and adequacy; (5) any communications, notes, or circumstances surrounding the subject call; and (6) information necessary to evaluate class-certification factors, including predominance

of individualized issues (consent, technology used, and circumstances of each call), ascertainability, and superiority. Defendant may also require expert discovery directed to class-certification issues and the technology, if any, used in connection with the calls.

**c. Electronically Stored Information**

Electronically stored information may be produced in printed or electronic formats. However, the producing party shall maintain the electronically stored information in the format in which it existed at the time the request for discovery was made. Thereafter, the parties may meet and confer regarding the format for the disclosure of this electronically stored information.

**d. Claims of Privilege or Protection of Trial Preparation Material**

Inadvertent production of privileged material shall not be deemed a waiver of any privilege, and, if it is discovered that a party has produced privileged material, the receiving party shall promptly return the same.

7. **Magistrate Judge Jurisdiction.**

The parties do not consent to magistrate judge jurisdiction.

8. **Proposed Case Schedule.**

The parties propose the following case schedule, subject to the Court's approval:

| **Event** | **Deadline** |
|---|---|
| Amendment of Pleadings | September 18, 2026 |
| Disclosure of Expert Report(s) | October 16, 2026 |
| Class Certification Motion Filed | October 23, 2026 |
| Close of Discovery | December 11, 2026 |
| Final Pretrial Conference, list of exhibits to be used at trial, list of the witnesses to be called at trial, and a written stipulation of uncontested facts | December 17, 2026 |

9. **Protective Order.**

The undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. To further those efforts, the parties anticipate submitting a form protective order for the Court's consideration.

10. **Trial.**

If this matter is certified as a class action, the parties anticipate that trial will take **five days**.

Dated: August 17, 2026

Respectfully submitted,

| | |
|---|---|
| **I.C. System, Inc.**<br><br>By: */s/ Noah J. DiPasquale*<br>Noah J. DiPasquale<br>Virginia State Bar No. 96519<br>Troutman Pepper Locke LLP<br>1001 Haxall Point<br>Richmond, VA 23219<br>Telephone: (804) 697-1266<br>Email: noah.dipasquale@troutman.com | **ANDREW MCGONIGLE, *on behalf of himself and others similarly situated***<br><br>By: */s/ William P. Robinson*<br>William P. Robinson<br>Virginia State Bar No. 76098<br>319 N. Piedmont St., #1<br>Arlington Virginia 22203<br>Telephone: (703) 789-4800<br>wprlegal@gmail.com<br><br>Anthony I. Paronich (admitted *Pro Hac Vice)*<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, Massachusetts 02043<br>Telephone: (508) 221-1510<br>anthony@paronichlaw.com |