**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

ANDREW MCGONIGLE,
Plaintiff,

v. Civil Action No. 1:26-cv-00719-MSN-WEF

I.C. SYSTEM, INC.,
Defendant.

**DECLARATION OF LAURENCE SIEGEL**

1. I am employed by inContact, Inc. ("inContact") as Vice President of Services and Operations. I have been employed by inContact since January 2024, after inContact acquired LiveVox, Inc., a company which I co-founded in 2000.

2. As part of my responsibilities, I am familiar with inContact's calling platform, including the manner in which outbound calls are initiated and routed, the circumstances under which calls are connected to our customers' representatives, and the reports and other data available concerning those calls.

4. I am also familiar with inContact's provision of outbound calling services to I.C. System, Inc. ("IC System"). My knowledge is based upon my responsibilities at inContact, and my review of relevant records.

5. inContact provided technology to enable IC System to place outbound telephone calls.

6. For IC System's outbound call to the telephone number ending in "5410" at 8:31 am on February 3, 2026, following a connection with the aforementioned telephone number, the system attempted to connect the call to an available IC System representative.

7. If an IC System representative was not immediately available, the system could, if configured, play a prerecorded message instructing the called party to hold for the next available representative.

8. inContact has investigated the information available in its systems and records concerning whether a prerecorded message, if any, played during the February 3, 2026 call.  .

9. The data and records maintained by inContact do not contain a field or other indicator establishing whether a prerecorded hold message actually played during the call before the attempted connection to an IC System representative.

10. inContact's call-detail records in general do not identify whether a prerecorded hold message actually played during a particular call.

11. Any recording associated with a call begins only after a call is connected to an IC System representative. Accordingly, such recordings do not capture what occurred before connection to the IC System representative and do not establish whether a prerecorded hold message played before that connection.

13. If a call terminated before connection to an IC System representative, no recording exists from which inContact can determine whether the prerecorded hold message played during that call.

14. Although inContact may possess data showing that a particular call was placed, its duration, disposition, or whether the call was ultimately connected to a representative, none of those data establishes whether a prerecorded hold message actually played during the call.

15. inContact has no report, data field, recording, log, or other retained record that identifies the outbound calls during which a prerecorded hold message actually played before connection to an IC System representative.

16. As a result, inContact cannot use its existing records or data to identify a population of calls during which a prerecorded message actually played.

17. inContact likewise cannot use its existing records or data to determine the number of calls during which a prerecorded message actually played.

18. Determining from inContact's records that a call was placed, was answered, was transferred, was not transferred, or terminated before connection to an IC System representative would not establish whether a prerecorded hold message actually played during that call.

19. I make this declaration based upon my personal knowledge and my knowledge of inContact's systems and records. If called to testify, I could and would testify competently to the matters stated herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 20th, 2026.

DocuSigned by:

5711... 45E...

Laurence Siegel
Vice President of Services and Operations
inContact, Inc.